# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY BROADUS | ) | CASE NO. 1:09-CV-01948 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

On August 19, 2009, Plaintiff Tracey Broadus, *pro se*, filed a complaint seeking judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) On August 25, 2009, this matter was automatically referred to Magistrate Judge Benita Y. Pearson, pursuant to Local Rule 72.2. The Commissioner filed an answer and transcript on November 16, 2009. (Doc. No. 8.) Pursuant to this Court's initial order, Plaintiff had thirty days from the filing of the answer to file her brief on the merits. (Doc. No. 5.) She did not do so.

On January 8, 2010, Magistrate Judge Pearson issued a show cause order giving Plaintiff ten days to file her brief on the merits, a motion for more time to file the brief, or to show cause why the Magistrate Judge should not recommend dismissing this case for want of prosecution. (Doc. No. 10.) A review of the docket reveals Plaintiff has not responded in any way to the show cause order.

This Court's initial order, dated August 25, 2009, states: "[i]n the event plaintiff's

brief on the merits is not filed within thirty (30) days after the filing of the answer, the case may be subject to dismissal for want of prosecution without further notice." (Doc. No. 5 at p. 2.) Moreover, district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. See FED. R. CIV. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978)); *see also Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994). "The key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement [. . .] or failure to comply with the pre-trial order." *Carter*, 636 F.2d at 161 (citations omitted).

In this case, Plaintiff has failed to file her brief on the merits within the time limits specified in this Court's initial order, has failed to respond in any way to the Magistrate Judge's show cause order, and has therefore failed to prosecute her claim. Accordingly, the reference of this case to the Magistrate Judge is **WITHDRAWN** and this action is **DISMISSED** for want of prosecution. This case is closed.

**IT IS SO ORDERED**.

Dated: March 31, 2010

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**